{¶ 23} I would overrule Father's assignment of error and affirm the judgment of the trial court based on his failure to meet his burden to demonstrate error on appeal. See App.R. 16(A); Loc.R. 7(F). I write separately to emphasize my disagreement with the majority's resolution of the merits of Father's assignment of error.
 {¶ 24} It is true that state and federal courts have concurrent jurisdiction to determine whether a debt is nondischargable in bankruptcy under 11 U.S.C. § 523(a)(5). See Barnett v. Barnett (1984),9 Ohio St.3d 47, 50. This concurrent jurisdiction is not unlimited, however, and "[t]he doctrine of collateral estoppel applies in dischargeability proceedings." In re Krempa (C.A.6 B.A.P., Apr. 9, 2008), 385 B.R. 799, at *4. Consequently, once a state court has determined that assets are dischargeable, the doctrine of collateral estoppel prevents a bankruptcy court from revisiting the issue. Id. The converse should also hold true. The bankruptcy court in this case appears to have discharged Father's obligation to pay the *Page 10 
indebtedness. Mother had the opportunity to challenge the bankruptcy court's determination directly in that proceeding or by commencing an adversary proceeding in that court to determine dischargeability.
 {¶ 25} Because Father has not provided this Court with an adequate record from which to review his assigned errors, however, I would affirm on that basis. *Page 1